IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALI PASHAYEV,

        Petitioner,

v.

J.L. JAMISON, et al.,

        Respondents.

CIVIL ACTION
NO. 26-4491

## ORDER

**AND NOW**, this 10th day of July 2026, upon consideration of Petitioner Ali Pashayev's

Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response in Opposition to

Petitioner's Habeas Petition (Doc. No. 4), and Petitioner's Reply (Doc. No. 5), it is **ORDERED**

that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1]  It is

**FURTHER ORDERED** as follows:

---

[1]  Petitioner Ali Pashayev ("Petitioner") is a citizen of Azerbaijan who entered the United States on or about February 26, 2024.  (Doc. No. 1 at 3.)  That same day, Petitioner received a Notice to Appear which designated him as an "applicant for admission" and was paroled into the United States under 8 U.S.C. § 1182(d)(5), Immigration and Nationality Act ("INA") § 212(d)(5).  (Id.)  On March 4, 2026, Petitioner filed am Application for Asylum and for Withholding of Removal under the Convention Against Torture (Form I-589).  (Id. at 4.)  On June 25, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents and is currently detained at the Federal Detention center in Philadelphia.  (Id.)

On June 29, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court.  In his Petition, Petitioner seeks immediate release or an individualized custody hearing.  (Doc. No. 1 at 2.)  On July 6, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition.  (Doc. No. 4.)  On July 8, 2026, Petitioner filed a Reply.  (Doc. No. 5.)  The Petition is now ripe for disposition.

The dispute centers around whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Petitioner argues that he is an "applicant for admission" and

Respondents are detaining him in violation of the Due Process Clause of the Fifth Amendment and the <u>Accardi</u> Doctrine.  (Doc. No. 1 at 5–6.)  Respondents counter this submission by contending that Petitioner's detention does not violate the Due Process Clause because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States.  (<u>See</u> Doc. No. 4 at 6–10.)  For the following reasons, Petitioner is subject to detention under § 1226(a) and must be afforded a bond hearing.

<u>Petitioner Is Not Subject to Mandatory Detention Under § 1225(b)(2)</u>

Respondents assert that their authority to detain Petitioner stems from 8 U.S.C. §1225(b)(2) because he is an "applicant for admission."  (Doc. No. 4 at 6–8.)  Respondents cite to two recent decisions of the United States Court of Appeals for the Fifth and Eighth Circuits, in which the majority adopted Respondents' interpretation of detention under Section 1225(b)(2).  (Doc. No. 4 at 6) (citing <u>Buenrostro-Mendez v. Bondi</u>, 166 F.4th 494, 502 (5th Cir. 2026); <u>Avila v. Bondi, et al.</u>, 170 F.4th 1128, 1134 (8th Cir. 2026)).  In both <u>Buenrostro-Mendez</u> and <u>Avila</u>, the Fifth and Eighth Circuits, respectively, held that Section 1225(b)(2) applied to detainees like Petitioner because—despite residing in the United States for significant periods of time—they were still "seeking admission" under Section 1225(b)(2). <u>See</u> <u>Buenrostro-Mendez</u>, 166 F.4th at 502 ("The petitioners are deemed, by statute, to be applicants for admission pending the resolution of removal proceedings. While they remain applicants, they are presently seeking admission."); <u>Avila</u>, 170 F.4th at 1134 (noting that in the context of 8 U.S.C. § 1225(b)(2)(A) "seeking admission" and "applicant for admission" are synonymous).

But this Court previously explained that while "seeking admission" is not defined by statute or the INA, an alien who has been living in the United States for several years cannot be characterized as seeking entry consistent with the ordinary meaning of that phrase.  <u>See</u> <u>Vasquez-Rosario v. Noem</u>, No. 25-cv-7427, 2026 Dist. LEXIS 68424, at *25 (E.D. Pa. Jan. 26, 2026). While the Court has considered the Fifth and Eighth Circuits' contrary interpretation of the dueling INA provisions at issue here, the Court finds no reason to depart from its prior findings in <u>Nogueira-Mendes</u> or the chorus of unanimous rulings from Judges in this District.  <u>See</u> (Doc. No. 4 at 5–6) ("The government acknowledges that all courts in this district (and many more elsewhere) have reasoned that § 1225(b)(2)(A) requires that an "applicant for admission" be actively "seeking admission" at or near the border to fall within its scope."); <u>Vimos v. Fed. Det. Ctr. Philadelphia</u>, No. 26-cv-780, 2026 WL 381173, at *n.12 (E.D. Pa. Feb. 11, 2026) (rejecting the Fifth's Circuit holding in <u>Buenrostro-Mendez</u>); <u>De Andrade v. Rose</u>, No. 26-cv-603, 2026 WL 401189, at *5 (E.D. Pa. Feb. 12, 2026) (same).

Here, Petitioner has resided in the United States for over two years, and is thereby no longer "seeking admission" consistent with Section 1225(b)(2).  <u>See</u> <u>Vasquez-Rosario</u>, 2026 Dist. LEXIS 68424, at *26 (holding that Section 1225(b)(2)(A) does not apply to an applicant for admission who has resided in the United States for years because he is not actively seeking admission).

1) By July 20, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

2) If Respondents fail to hold a bond hearing by July 20, 2026, they must release Petitioner from detention while he awaits the bond hearing.

3) By July 23, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

Petitioner Is Subject to Discretionary Detention Under § 1226(a)

Petitioner's detention is discretionary and governed by Section 1226(a), which "applies to aliens already present in the United States." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018). Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision. See id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by July 20, 2026. If Respondents do not hold a bond hearing by July 20, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Ali Pashayev's Petition for Writ of Habeas Corpus (Doc. No. 1).